UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEON MORGAN,

           Petitioner,          Case No. 1:21-cv-12533

v.

                                    Honorable Thomas L. Ludington
MICHELLE FLOYD,                  United States District Court Judge

           Respondent.

_____/

**OPINION AND ORDER (1) DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In 2017, an Ingham County jury convicted Petitioner Deon Morgan for possessing with intent to deliver between 50–450 grams of heroin, MICH. COMP. LAWS § 333.7401(2)(a)(iii), resisting a police officer, *id.* § 750.81d(1), being a felon in possession of a firearm, *id.* § 750.224f, and committing a felony with a firearm, *id.* § 750.227b(1). On October 20, 2021, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising eight claims challenging his convictions. As explained below, the Petition will be denied.

**I.**

The following facts from the Michigan Court of Appeals are presumed correct on habeas review, *see Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arose from a drug-trafficking investigation that spanned several months. Between January 16, 2015 and March 4, 2015, a confidential informant participated in six controlled purchases of heroin from Morgan. The confidential informant purchased the heroin with prerecorded funds that were provided by law enforcement. As part of the investigation, surveillance was conducted on Morgan and the vehicle that Morgan used in the controlled buys. Morgan was ultimately associated with two separate residences and was observed entering a storage facility on two occasions.

> On March 4, 2015, search warrants were issued for the residential addresses associated with Morgan. In one of the residences, a paint can containing 226 grams of heroin and 27.3 grams of cocaine was located in the closet of the master bedroom. Law enforcement also located some of the prerecorded currency that was used in the controlled purchases, digital scales, and packaging material similar to the materials used in the controlled purchases. A photograph of Morgan with a female companion, a letter addressed to "Khalil Morgan," and men's clothing were located in the bedroom. Legal paperwork showing that Morgan had attempted to change his name from "Deon Morgan" to "Khalil Morgan" was found at the other residential address. Law enforcement also located digital scales, packaging material similar to the material used in the controlled purchases, and two magazines for a Ruger P345 pistol.
>
> Also on March 4, 2015, Morgan was stopped while he was attempting to drive away from a grocery store. At the time of the stop, Morgan was driving the same vehicle he used during the controlled purchases. Morgan failed to comply with police commands to lower the vehicle's window, to open his door, or to leave the vehicle. The police forced entry into the vehicle in order to place Morgan in custody. Prerecorded currency used in the controlled purchases was located on Morgan's person. Heroin and a key to a storage unit that was leased to Morgan's girlfriend were located in the vehicle. The storage unit was searched, and a Ruger P345 pistol was found inside of a luggage bag.
>
> Morgan was charged with possession with intent to deliver 50 or more but less than 450 grams of heroin, possession with intent to deliver less than 50 grams of cocaine, resisting or obstructing a police officer, felon in possession, and felony-firearm. Morgan was found not guilty of possession with intent to deliver less than 50 grams of cocaine but was convicted of the remaining charges.

*People v. Morgan*, No. 343809, 2020 WL 359627, *1 (Mich. App. Jan. 21, 2020).

Petitioner was sentenced on November 15, 2017. ECF No. 14-15. Because he was a fourth-offense habitual offender, he was sentenced to "terms of imprisonment of 160 to 240 months for the heroin conviction, 40 to 60 months for the felon-in-possession conviction, 8 to 15 years for the resisting or obstructing conviction, and 5 years for the felony-firearm conviction." *Morgan*, 2020 WL 359627, at *1. He did not immediately appeal. ECF No. 14-1 at PageID.193. Instead, on February 2, 2018, Petitioner requested the appointment of appellate counsel, who was appointed on February 26, 2018. *Id.*

Appellate counsel later filed a delayed application for leave to appeal in the Michigan Court of Appeals that raised the following claims:

> I. MRE 403 prohibits the admission of evidence that is substantially more prejudicial than probative. Here, police conducted six controlled buys of heroin with the defendant, surveilled him, and then got a search warrant for a home he or his vehicle had been seen at several times. During the search, heroin was located in the home. Was evidence related to the controlled buys substantially more prejudicial than probative when admitted primarily to show defendant's intent to distribute the heroin?
>
> II. The Constitution protects a defendant's right to a speedy trial. Here, Mr. Morgan was in jail for nearly three years before a jury decided his case. Was his right to a speedy trial violated?
>
> III. The Fourth Amendment protects against unreasonable searches and seizures, and a search without a warrant is permitted where consent is freely and voluntarily given. Here, the renter of a storage unit where a gun was located explained that her consent was given when she was in distress and under duress. Was the search of the storage unit unreasonable under the Fourth Amendment?
>
> IV. Due process requires a verdict to be supported by legally sufficient evidence for each element of the crime. Here, the evidence showed that Mr. Morgan had a key to the storage unit and was seen near the unit where a gun was located, but there was absolutely no evidence that he ever entered the unit or knew what was in it. Was there sufficient evidence to convict Mr. Morgan of possession the firearm and possessing the firearm in connection with a felony?
>
> V. When an indigent defendant requests a private investigator at court expense, the court must review the need for the investigator based on the facts and circumstances of each case. Here, a private investigator was requested to assist in trial preparation, specifically to interview a critical witness. Was the court's denial of this request an abuse of discretion?
>
> VI. Effective assistance of counsel is guaranteed by the Sixth Amendment. Here, counsel failed to explain additional reasons for needing a private investigator, failed to call any witnesses at trial, and did not demand confidential informants for confrontation and challenge to the search warrants granted in this case. Was counsel effective?

ECF No. 14-19 at PageID.784–85.

Petitioner also filed his own supplemental *pro se* brief that raised an additional five claims:

> I. Did the trial court lack jurisdiction to try and convict defendant where defendant was illegally arrested and thereby, any and all evidence seized must be suppressed as the fruit of an illegal arrest?
>
> II. Is MCL 764.15(1)(b) unconstitutional where it allows law enforcement to act contrary to the Mich. Const. 1963, Art 1 § 11 regarding search and seizures and the U.S. Constitution Fourth Amendment, where an officer can arrest a person although the officer was not present or have probable cause?
>
> III. Was defendant denied is constitutional right to a fair trial where the jury was not properly instructed, and the jury returned with a verdict of guilty of the statutes as opposed to the charge(s) of resisting and obstructing an arrest?
>
> IV. Was defendant's state and federal constitutional rights to a fair trial violated when the prosecutor suppressed discovery materials and improperly admitted evidence without laying a foundation' U.S. Constitution Sixth and Fourteenth Amendment?
>
> V. Mr. Morgan's attorney was ineffective because he failed to object to prosecution suppressing evidence, failed to object to evidence improperly being admitted by prosecution, and counsel mislead the jury by misrepresenting evidence that prejudiced the defendant.

*Id.* at PageID.968–1008.

The Michigan Court of Appeals affirmed. *Morgan*, 2020 WL 359627, at *1. Petitioner appealed, but the Michigan Supreme Court denied his application for leave to appeal. *People v. Morgan*, 949 N.W.2d 683 (Mich. 2020) (Table).

Petitioner then filed this *pro se* habeas action raising four claims challenging his convictions and a motion to stay proceedings so that he could return to the state courts to exhaust additional claims. ECF Nos. 1; 2. The motion to stay was granted. ECF No. 4.

After that, Petitioner moved for relief from judgment in the state trial court that raised five claims:

> I. Mr. Morgan's appellate counsel provided ineffective assistance of counsel in failing to perfect his appeal of right.
>
> II. Mr. Morgan's appellate counsel provided ineffective assistance of counsel in failing to bring a claim of prosecutorial misconduct when the prosecutor

> intimidated a potential defense witness, Ms. Tasha Canty, by converting the Ms. Canty from a defense witness to a witness for the People.
>
> III. Mr. Morgan's appellate counsel provided ineffective assistance of appellate counsel in failing to raise the "striking similarity" standard from *People v. Denson*, 500 Mich. 385, 401-404 (2017), in arguing that the controlled buys were improperly admitted under MRE 404(b).
>
> IV. Mr. Morgan's appellate counsel provided ineffective assistance of counsel in failing to bring a claim of prosecutorial misconduct when the prosecutor knowingly used false testimony and evidence at trial. More specifically, the prosecutor did not produce the marked money allegedly recovered from the alleged controlled buys and instead relied on the false testimony of various investigators to discuss the marked money.
>
> V. The trial court abused its discretion when it denied Mr. Morgan's trial counsel the right to cross examine witnesses regarding the 404(b) evidence offered by the People at trial. More specifically, the trial court abused its discretion when it denied Mr. Morgan's trial counsel the right to cross examine Deputy Lo on a controlled buy that may have occurred on March 3, 2015.

ECF No. 14-16 at PageID.728–29. The trial court denied the motion for relief from judgment, finding that Petitioner failed to demonstrate actual prejudice under Michigan Court Rule 6.508(D)(3) to excuse his failure to raise the claims on direct review. ECF No. 14-18 at PageID.760–61.

Petitioner applied for leave to appeal in the Michigan Court of Appeals, which raised the same claims. The court denied leave to appeal because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." ECF No. 14-20 at PageID.1502. The Michigan Supreme Court subsequently denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Morgan*, 996 N.W.2d 468 (Mich. 2023) (Table).

Petitioner moved to reopen this habeas case. ECF No. 5. That motion was granted on July 16, 2024. ECF No. 7. After that, Petitioner filed an amended petition. ECF No. 9. Because Petitioner lists the claims in the Amended Petition as Claims 5–8 and attaches the original Petition,

- 5 -

the Court interprets the pleading as also raising the four claims that were presented in the original Petition. *See id.* at PageID.55–60, 65–74. The eight claims are as follows:

> I. "Petitioner was denied effective assistance of counsel for having failed to call exculpatory witness/seek trial investigator/request CI etc.," *id.* at PageID.69;
>
> II. "Petitioner was denied his Constitutional Rights both to a fast and speedy trial, and that of Due Process applicable to U.S. Const. Amends VI & XIV," *id.* at PageID.71;
>
> III. "The search of storage unit deprived Petitioner of his 4th Amendment Rights against illegal search and seizure," *id.* at PageID.72;
>
> IV. The "Trial Court erred by failing to grant [a] directed verdict on the charge of felony-firearm/felon in possession," *id.* at PageID.74;
>
> V. Petitioner's "[r]ight denied by Appellate counsel not filing timely notice of right to appeal," *id.* at PageID.55;
>
> VI. "Petitioner's right was violated in failing to raise the similarity standard from *People v. Denson*," *id.* at PageID.57;
>
> VII. "Newly discovered evidence: IAAC failing to bring claim of prosecuto[r] misconduct of knowingly using false testimony and evidence at trial," *id.* at PageID.59; and
>
> VIII. "IAAC failing to [bring] abuse[] of discretion claim [for] trial court denying counsel right to cross state[']s witness 404b evidence regarding March 3, 2015, control on missing narcotics/mark[ed] money," *id.* at PageID.60.

(capitalization altered in quotations).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constrains federal courts' review of state-court decisions in habeas cases. *See Smith v. Nagy*, 962 F.3d 192, 198 (6th Cir. 2020). Indeed, if a state court has already adjudicated a claim on the merits, a federal court may grant relief only if the state court's decision: (1) ran contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) rested on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have "independent meaning." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state-court decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court law; or (2) confronts a set of facts "materially indistinguishable" from a decision of the Supreme Court and yet arrives at a different result. *Id.* at 405–06. A state-court decision involves an "unreasonable application" of clearly established federal law if it (1) correctly identifies the governing legal rule but unreasonably applies it to the facts of the instant case, or (2) either unreasonably extends an established legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Id.* at 407.

The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. And later Supreme Court decisions have interpreted this directive to mean that an unreasonable application "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (citation modified). AEDPA "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). But the state court's error must be "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. At bottom, AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing

evidence. *Id.* And for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

### A. Ineffective Assistance of Trial Counsel

Petitioner's first claim asserts that he was denied the effective assistance of counsel on two bases. First, his trial attorney failed to adequately support his request for a private investigator, resulting in the loss of two potential defense witnesses. ECF No. 9 at PageID.69. Second, his trial attorney failed to demand production of the confidential informant so that he could effectively challenge the search warrants. *Id.*

After reciting the controlling Supreme Court standard, the Michigan Court of Appeals rejected both strands of Petitioner's ineffective-assistance claim. *Morgan*, 2020 WL 359627, at *8–10. On the request for a private investigator, the court noted that Petitioner never identified what useful testimony the proposed witnesses could have offered and that the core evidence against him—heroin recovered from a residence linked to him, his observed trips to the storage facility, the storage-unit key found with his identification, and his refusal to follow lawful commands during arrest—did not turn on who else had access to the vehicle he drove. *Id.* at *9. The court also observed that the prosecutor offered to help locate the witnesses, an offer defense counsel declined. *Id.* On the request to produce the confidential informant, the court explained that Morgan failed to show any concrete way the informant's credibility would have mattered at trial, given that officers testified to the controlled buys and the heroin seized from his residence. *Id.* at *9–10. Pressing to produce the informant, the court reasoned, risked allowing the State to bolster the informant's account. *Id.*

Ineffective assistance of counsel claims face a "doubly deferential" standard on federal habeas review. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S.

12, 15 (2013)). The first layer of deference comes from *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must show that counsel's work fell below an objective level of reasonableness and that the error created a reasonable probability of a different outcome. Lafler v. Cooper, 566 U.S. 156, 163 (2012). *Strickland* instructs courts to apply a strong presumption that counsel acted within the broad range of reasonable professional assistance and that the challenged conduct may reflect sound trial strategy. *Abby*, 742 F.3d at 226; *Bell v. Cone*, 535 U.S. 685, 698 (2002).

AEDPA supplies the second layer of deference. Based on the second layer, the question becomes whether the state court unreasonably applied *Strickland*—not whether counsel actually fell short. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Under that standard, the state court reached a reasonable result. On the request for a private investigator, Petitioner never identified what the two missing witnesses would have said. He offered no affidavit, no description, and no explanation—either in state court or here. He speculates that their testimony might have addressed the searches. But he never explains how unknown testimony would have helped his case. With no evidentiary support, his claim cannot overcome the presumption that counsel acted reasonably. *Dunn v. Reeves*, 594 U.S. 731, 733–34 (2021).

The same flaw undermines his argument regarding the confidential informant. Petitioner does not show that impeaching the informant would have yielded a viable challenge to the searches or any other defense. Officers conducted controlled buys with prerecorded currency later found on Petitioner. They saw him enter and leave the two residences and access the storage unit. These observations—not the informant's tip—supported the warrant. Courts do not require disclosure when an informant simply directs investigators toward a suspect. *United States v. Lloyd*, 400 F.2d 414, 416 (6th Cir. 1968); *United States v. Beals*, 698 F.3d 248, 269 (2012); *United States v. Rodgers*, No. 10-20770, 2015 U.S. Dist. LEXIS 13048, at *6 (E.D. Mich. Feb. 4, 2015).

In sum, because Petitioner offers no evidence to support either theory and because the law grants courts substantial deference in this setting, the state court reasonably rejected his claim. As a result, habeas relief is not warranted for Petitioner's first claim.

### B. Speedy Trial

Nor is habeas relief warranted for Petitioner's second claim. Petitioner's second claim asserts that his right to a speedy trial was violated when there was a delay of 934 days between his arrest and his trial. ECF No. 9 at PageID.71.

After outlining the relevant factors underlying a speedy-trial analysis, the Michigan Court of Appeals also rejected this claim on the merits. *Morgan*, 2020 WL 359627, at *2–3. The Michigan Court of Appeals applied the four *Barker v. Wingo* factors that frame every speedy-trial claim: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the resulting prejudice. 407 U.S. 514, 530 (1972). Courts must weigh these elements through what *Barker* called a "difficult and sensitive balancing process" to decide whether a violation occurred. *Id.* at 533. On habeas review, federal courts presume the accuracy of state factfinding unless the petitioner offers clear and convincing evidence to the contrary. *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. Here, as the state court recognized, the interval between the accusation and the trial crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). But delay alone cannot establish a constitutional injury. *Id*. at 655.

*Barker*'s third factor—the defendant's assertion of his right—cuts sharply against Petitioner. The Court in *Barker* stressed that a timely assertion carries "strong evidentiary weight"

and that silence makes a speedy-trial claim "difficult." 407 U.S. at 531–32. Petitioner waited twenty-eight months into a thirty-month delay before invoking the right. Thus, the state court acted reasonably in finding that this factor weighed heavily against him.

Finally, the state court's prejudice analysis concerning the fourth *Barker* factor also holds. *Schriro*, 550 U.S. at 473–74. Petitioner argues that several witnesses became unavailable: the car's owner, the person he called during the arrest, and his girlfriend. But he never explained how their testimony would have aided his defense. He offered no affidavits, no summaries, and no detail—only a bare assertion that they would have testified "about" the arrest and search. ECF No. 14-19 at PageID.803. Without more, the claim falls short.

In the end, the state court weighed the Barker factors through the kind of reasoned judgment that AEDPA protects. *See Yarborough v. Alvarado*, 541 U.S. 652, 663–64 (2004). Its conclusion was not "so lacking in justification" that no fair-minded jurist could agree. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). So Petitioner has not shown entitlement to habeas relief on this claim.

### C. Fourth Amendment

Petitioner's third claim fares no better. Petitioner's third claim argues that officers violated the Fourth Amendment when they searched the storage unit without a warrant and without the girlfriend's consent, though she leased the unit. ECF No. 9 at PageID.72. The state trial court denied Petitioner's motion to suppress after holding an evidentiary hearing. The Michigan Court of Appeals then reviewed the claim and found that the trial court did not err in denying the motion to suppress. *Morgan*, 2020 WL 359627, at *3–4.

Review of this claim is barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *Stone* held that when a State offers a full and fair chance to litigate a Fourth Amendment claim, a federal court may not grant habeas relief based on the admission of evidence from an alleged unconstitutional search. *Id.* The Sixth Circuit applies a straightforward test to decide whether the State offered that

chance: (1) whether the State's procedures, in general, allow defendants to raise Fourth Amendment claims; and (2) whether anything in the case blocked that opportunity. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

Here, Petitioner used those procedures. He filed a pretrial motion to suppress, argued the claim at a hearing, and lost. He then raised the same claim in the Michigan appellate courts. Because he had a full and fair chance to litigate the issue, he cannot relitigate it now. *Good v. Berghuis*, 729 F.3d 636, 640 (6th Cir. 2013). So Petitioner is not entitled to habeas relief on this claim.

### D. Sufficiency of the Evidence

Petitioner's fourth claim argues that the prosecutor failed to offer enough evidence to show that he possessed the handgun found in his girlfriend's storage unit. ECF No. 9 at PageID.74. After reciting the applicable constitutional standard and the elements for constructive possession under state law, the Michigan Court of Appeals rejected this claim on the merits:

> We conclude that there was sufficient evidence to persuade a rational trier of fact that Morgan constructively possessed the firearm. On two occasions, law enforcement observed Morgan going to the storage facility where the firearm was located. After Morgan was arrested, the vehicle Morgan was driving was searched and a key to a storage unit within that storage facility was located in the vehicle. The key and Morgan's identification were located in the same bag. Although the firearm was located inside a bag rather than in plain sight, circumstantial evidence linked Morgan to the firearm. One of the residences that was associated with Morgan contained magazines for the type of pistol that was located in the storage unit. After Morgan was arrested and lodged in the county jail, he wrote letters to his girlfriend. The letters, which were admitted at trial, supported that Morgan knew that the gun was in the storage unit and that his DNA might be found on the gun. Consequently, a rational trier of fact could find that the elements of felony-firearm and felon in possession were proven beyond a reasonable doubt. Accordingly, the trial court did not err in denying Morgan's motion for a directed verdict on those charges.

*Morgan*, 2020 WL 359627, at *5.

That conclusion fits squarely within the constitutional standard. The Due Process Clause bars conviction unless the State proves each element beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). The question for a reviewing court is simple: could any rational juror, viewing the record in the light most favorable to the prosecution, find each element satisfied? *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979).

In reviewing the sufficiency of the evidence, circumstantial evidence carries the same weight as direct evidence. *United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). It can sustain a conviction on its own and need not rule out every other theory. *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006); *Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008). In some cases, it proves more "certain, satisfying, and persuasive" than direct proof. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003); *Holland v. United States*, 348 U.S. 121, 140 (1954).

On habeas review, the question narrows further. A federal court asks only whether the state court's application of *Jackson*'s sufficiency of evidence standard crossed the line from incorrect to unreasonable. *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Put simply, relief lies only when the state court's view sinks "below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).

This record clears that bar. Although the girlfriend leased the unit, strong circumstantial evidence tied Petitioner to the gun. His letters from jail showed concern that his DNA might appear on the weapon—effectively an admission. ECF No. 14-13 at PageID.656–57. He also kept a key to the unit in his car. *See, e.g.*, ECF No. 14-9 at PageID.539. And he lived in a residence that held magazines matching the pistol. ECF No. 14-11 at PageID.596–99. Viewed in the prosecution's favor, this evidence created a solid basis for constructive possession.

At bottom, the state court's judgment was not "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. Petitioner has therefore not shown entitlement to habeas relief on this claim.

### E. Failure to File Appeal of Right

Petitioner's fifth claim rests on his assertion that appellate counsel failed to adequately assist him. To that end, he asserts that his appointed lawyer did not file an appeal of right but instead submitted a delayed application for leave to appeal to the Michigan Court of Appeals. ECF No. 9 at PageID.55. Petitioner raised this claim in his motion for relief from judgment. The trial court rejected it, concluding that he suffered no prejudice because the Court of Appeals reviewed his claims on the merits. ECF No. 14-18 at PageID.760.

The Sixth Amendment guarantees effective counsel during a defendant's first appeal of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Courts evaluate ineffective-assistance claims against appellate counsel under the same *Strickland* framework that governs trial-level claims. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Here, as the state court determined, this fifth claim lacks merit. The Sixth Circuit reached a similar result in *Hollin v. Sowders*, 710 F.2d 264, 267 (6th Cir. 1983). There, the court held that counsel's failure to perfect a direct appeal did not amount to ineffective assistance because the petitioner later presented his claims in a postconviction motion and secured review on the merits. The same dynamic operates here. Although counsel sought leave to appeal rather than an appeal of right, the Michigan Court of Appeals granted the application and addressed each claim on the merits. As a result, Petitioner cannot establish prejudice from counsel's choice of procedural route and is thus not entitled to habeas relief on this ground. *Drumm v. Warren*, No. CIV. 05-CV-40037FL, 2005 WL 3107772, at *4 (E.D. Mich. Nov. 18, 2005).

## F. Other State Post-Conviction Review Claims

Petitioner's sixth, seventh, and eighth claims mirror the ones he advanced during state post-conviction review. His sixth claim alleges that the prosecutor intimidated a potential defense witness. ECF No. 9 at PageID.57. His seventh alleges other forms of prosecutorial misconduct. *Id.* at PageID.59. His eighth alleges that the trial court blocked him from questioning a witness about a controlled buy. *Id.* at PageID.60. For each claim, Petitioner faults appellate counsel for not raising the issue on direct appeal. Respondent argues that these claims are subject to procedural default. ECF No. 13 at PageID.162–67, 171–72, 176–77. Respondents are correct.

Federal review ends when the last state court to address the claim relies on a procedural rule the petitioner failed to meet. *See Wainwright v. Sykes*, 433 U.S. 72, 85–87 (1977); *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018). A procedural default occurs when (1) the petitioner does not follow a state procedural rule, (2) the state courts enforce it, (3) the rule serves as an adequate and independent state ground for denial of a claim, and (4) "the petitioner cannot show cause and prejudice excusing the default." *See Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc).

The trial court denied relief on that ground:

> [R]elief may not be granted by this Court where the motion alleges grounds for relief, other than jurisdictional defects that could have been raised on a prior appeal, unless Defendant demonstrates good cause for failure to raise the issue and actual prejudice resulting from the alleged irregularity. MCR 6.508(D)(3). Good cause can be established by proving an ineffective assistance of counsel claim. *Kimble*, 470 Mich. at 314. Here, defendant attempted to show good cause through ineffective assistance of counsel claims, but failed to make those claims persuasive. Likewise, defendant failed to persuade this Court that relief is proper for any other reason. As a result, defendant has failed to satisfy the gatekeeping requirements of MCR 6.500 *et seq*.

ECF No. 14-18 at PageID.760–61.

The trial court's ruling meets the procedural-default standard. It invoked MCR 6.508(D)(3) and found that Petitioner did not show ineffective appellate counsel. That suffices as a valid state ground. *See Guilmette*, 624 F.3d at 291 (describing MCR 6.508(D)(3) as the "procedural default rule"); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

To overcome this bar, Petitioner must show cause and prejudice or show that enforcing the default would yield a miscarriage of justice. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Cause requires an external factor that blocked compliance with state procedure. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance may qualify. *See McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991). But appellate counsel need not raise every nonfrivolous claim. *See Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). The petitioner must show that the omitted claims were "clearly stronger" than those counsel chose. *Id.*

Petitioner cannot meet that standard. His sixth claim argues that appellate counsel should have invoked *People v. Denson*, 902 N.W.2d 306 (Mich. 2017), which addressed the use of other-acts evidence based on similarity. That case bears no relation to his situation. The other-acts evidence here involved controlled buys that led to searches of Petitioner's homes and his storage unit. The evidence explained police focus, not similarity. He shows no basis to call the Denson theory "clearly stronger."

His seventh claim alleges prosecutorial misconduct based on supposed false testimony about prerecorded buy money. He cites no evidence to support that allegation. Trial counsel, in fact, argued to the jury that the prosecution failed to produce any records for the controlled-buy funds. ECF No. 14-13 at PageID.681. The unsupported claim does not outmatch those raised on direct appeal.

His eighth claim concerns the trial court's decision to halt cross-examination about a March 3, 2015, controlled buy. That incident was not charged and did not appear in the State's other-acts evidence. Defense counsel sought to explore it, the prosecutor objected on relevance grounds, and the court agreed. *Id.* at PageID.667. Petitioner does not show how that ruling generated a claim stronger than those raised on direct review.

Because none of these claims surpasses the strength of the issues appellate counsel pursued, counsel did not act ineffectively. Petitioner, therefore, shows no cause to excuse his default.

\*\*\*

In sum, none of Petitioner's claims warrant habeas relief. His first five claims lack merit. His last three are procedurally defaulted. Thus, his Amended Petition for a Writ of Habeas Corpus, ECF No. 9, will be denied.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that Petitioner Deon Morgan's Amended Petition for a Writ of Habeas Corpus, ECF No. 9, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes this case.**

Dated: December 31, 2025                                        s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge